UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GOL SUPPLY BOATS, L.L.C.**                                                       **CIVIL ACTION**

**VERSUS**                                                                                    **No. 06-1758**

**JAIME CASTRO**                                                                       **SECTION I/4**

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment, filed on behalf of defendant, Jaime Castro ("Castro").[1] Plaintiff, GOL Supply Boats, L.L.C. ("GOL"), has opposed the motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Castro was allegedly injured on September 5, 2005, while working as an engineer aboard the M/V KLINE DANOS.[3] In an attempt to loosen a defective butterfly valve, Castro allegedly sustained severe, permanent, and disabling injuries.[4] Castro subsequently made a demand for maintenance and cure from GOL.[5]

GOL, the alleged owner of the vessel and employer of Castro, filed a complaint for

---

[1] R. Doc. No. 66.

[2] R. Doc. No. 68.

[3] R. Doc. No. 4, counterclaim ¶¶3-4.

[4] Id. ¶5.

[5] R. Doc. No. 1, compl. ¶3.

1

declaratory relief in this Court on April 4, 2006.[6] GOL sought a judgment declaring, inter alia, that Castro had forfeited any right to claim maintenance and cure as a consequence of his "failure to disclose relevant pre-existing medical conditions or circumstances that caused, may relate to, or may have caused, in whole or in part, the illnesses and injuries" for which he demanded maintenance and cure. This claim was asserted in the nature of an affirmative defense to Castro's demand for maintenance and cure. Castro answered GOL's complaint on April 19, 2006, and asserted a counterclaim for money damages and maintenance and cure, alleging negligence and unseaworthiness.[7]

On October 21, 2008, Castro filed the motion for partial summary judgment, seeking a ruling that GOL has not met its burden of proof on its asserted affirmative defense.

*LAW AND ANALYSIS*

**I.      Rule 56 Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence

---

[6] R. Doc. No. 1, compl.

[7] Countercl. ¶¶6-7.

of evidence supporting the other party's case.  Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  Id.  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."  Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

**II.     Discussion**

    *A.     McCorpen Defense to Maintenance and Cure*

A shipowner has an obligation to pay both maintenance and cure to any seaman injured while in service to the ship.  Boudreaux v. United States, 280 F.3d 461, 468 (5th Cir. 2002).  Pursuant to this obligation, the shipowner must pay an allowance for subsistence, reimburse the seaman for medical expenses, and take "all reasonable steps to ensure that the seaman receives

3

proper care and treatment." Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987). The maintenance and cure obligation exists regardless of an employer's fault or a vessel's unseaworthiness. Id. Nor is the obligation diminished by a seaman's own negligence. Boudreaux, 280 F.3d at 468.

An employer is entitled to investigate a seaman's claim for maintenance and cure benefits, and may rely on certain defenses to deny claims for benefits. Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 171 (5th Cir. 2005). One such defense, known as the McCorpen defense, is that the injured seaman willfully concealed from his employer a preexisting medical condition. Id. (citing McCorpen v. Cent. Gulf Steamship Corp., 396 F.2d 547, 549 (5th Cir. 1968)). To prevail on a McCorpen defense, the employer must show that:

> (1) the claimant intentionally misrepresented or concealed medical facts;
> (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and
> (3) a connection exists between the withheld information and the injury complained of in the lawsuit.

Id. Castro contends that GOL has not carried its burden with respect to the third element.[8] He contends that no connection exists between any withheld information and the injury he sustained.

### B.   Causal Connection

The third element of the McCorpen defense asks whether there is a causal connection between the prior medical history and the present injury. A seaman who intentionally

---

[8] Castro does not argue that GOL has failed to carry its burden with respect to the first two elements of the defense. As discussed below, Castro concedes that he did not disclose prior injuries on his employment application to GOL. Further, GOL has met its burden in showing that the nondisclosure was material to its hiring decision. See R. Doc. No. 68-3, ex. C, Alex Griffin aff.

4

misrepresents medical facts which would have been material to an employer's hiring decision may still be entitled to maintenance and cure benefits, "barring a connection between the withheld information and the injury which is eventually sustained." Id. at 175 (quoting Howard v. A.S.W. Well Serv. Inc., No. 89-2455-L, 1991 WL 365060, at *2 (W.D. La. Dec. 5, 1991)).

The employer need not prove that the prior injuries are the sole cause of the present injury. "It need only show a causal relationship between the prior injuries and the [present injury]. '[T]here is no requirement that a present injury be identical to a previous injury.' All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage.'" Id. at 176 (quoting Quiming v. Int'l Pac. Enters., Ltd., 773 F. Supp. 230, 236 (D. Haw. 1990)) (emphasis in original) (second alteration in original).

According to Castro, the subject of the present lawsuit is an alleged injury to his neck, i.e., his cervical spine. Castro admits that he has filed prior lawsuits claiming injury to his lower back, i.e., his lumbar spine. He further admits that he did not disclose those injuries and lawsuits on his employment applications. Nevertheless, Castro contends that GOL is not entitled to a McCorpen defense because there is no causal connection between the withheld information about prior lumbar spine injuries and the instant cervical spine injury.

In its responsive brief, GOL launches an overall challenge to Castro's credibility. GOL cites evidence that a 2002 lawsuit of Castro's has been dismissed for fraud on the court.[9] GOL attaches deposition testimony from that lawsuit, the authenticity of which has not been challenged, in which Castro describes injuries to his neck.[10] GOL further provides an affidavit

---

[9] R. Doc. No. 68-3, exs. A, B.

[10] R. Doc. No. 68-3, ex. G.

from its counsel stating that one of Castro's treating physicians with respect to the present injury, Dr. Irwin Potash ("Potash"), would contradict Castro's allegation that his cervical spine injuries arose out of the September 5, 2005 incident.[11]

Based on the foregoing evidence, the Court concludes that GOL has identified evidence demonstrating a causal connection between Castro's withheld medical history and the present injury which is sufficient to withstand summary judgment against it. Specifically, there is a genuine issue of material fact with respect to whether Castro's cervical spine injury was preexisting. On the present record, the Court cannot conclude that there exists no connection between the withheld medical information and the injury complained of in this lawsuit. GOL will not be precluded from asserting the McCorpen defense at trial.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that Castro's motion for partial summary judgment[12] is **DENIED**.

New Orleans, Louisiana, November 25, 2008.

                                                                 _____
                                                                       **LANCE M. AFRICK**
                                                              **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 68-3, ex. F, Fred Salley aff.

[12] R. Doc. No. 66.